# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:25-cr-00022-CDS-NJK |
| Plaintiff | **Order Resolving Joint Motion to Correct the Record** |
| v. | |
| Shawn Bowens, | [ECF No. 62] |
| Defendant | |

On January 27, 2026, the parties filed a joint motion to correct the record. Mot., ECF No. 62. Specifically, the parties ask the court to modify Bowen's sentence in this case to run concurrent with his yet-to-be imposed sentence in *State of Nevada v. Shawn Bowens*, Case No. C-26-397444-1.[1] The parties assert that during Bowen's hearing and sentencing on January 21, 2026, they jointly recommended that the court impose a sentence of a year and a day, with no supervised release to follow. *See id.* (citing ECF No. 60). The parties further assert that they inadvertently omitted from the record language requesting that Bowen's sentence in this case run concurrent to Bowen's yet-to-be-imposed sentence in the aforementioned state case. *Id.* at 2. Thus, as a result of the oversight or omission, and pursuant to Federal Rule of Criminal Procedure 36, the parties jointly move to correct the record and amend Bowen's judgment of conviction to reflect concurrent time between the cases. *See id.* For the reasons set forth herein, the motion is denied under Federal Rule of Criminal Procedure 36 but granted pursuant to Rule 35(a).

## I.      Discussion

With limited exception, a court may not correct or modify a sentence of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Rules 35 and 36 are such limited exceptions. Here,

---

[1] I take judicial notice of the court docket in Bowen's state case showing he was bound-over to Clark County District Court on February 17, 2026, and given this case number. Fed. R. Evid. 201.

the parties move for relief under Rule 36. Rule 36 allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "The rule exists for corrections rather than any substantive change or amendment." *United States v. Oliver*, 2019 WL 2465499, at *2 (E.D. Cal. June 13, 2019) (citations omitted).

District courts cannot use Rule 36 to correct inaccuracies that are not clerical in nature. *Id.* Rule 60 partially defines what constitutes a clerical error under Rule 36. *Id.*; Fed. R. Civ. P. 60. Clerical errors under Rule 36 are "blunders in execution" consistent with what the court initially intended to do, rather than a vehicle for the court to change its mind or alter a sentence. *Oliver*, 2019 WL 2465499, at *2 (citations omitted). However, "the district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence." *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985). Rule 36 can only be used to "conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984); *see also Singh v. Mukasey*, 533 F.3d 1103, 1110 (9th Cir. 2008) (court may amend order *nunc pro tunc* to reflect what it actually intended to do on earlier date). But Rule 36 cannot be used to substantively modify a sentence. *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003).

Unfortunately, there is no record evidence supporting that the parties requested the defendant's sentence to run concurrently, so the court cannot grant the joint motion pursuant to Rule 36. However, because the parties moved for relief within 14 days of Bowen's sentencing, the court can provide relief under Rule 35. That rule allows a court to correct a sentence that resulted from arithmetical, technical, or other clear error within 14 days of sentencing. Fed. R. Crim. P. 35(a). I broadly construe the parties' motion as asserting their omission to seek concurrent time constituted clear error because U.S.S.G. 7C1.4(b) states that "[a]ny term of imprisonment imposed upon the revocation of supervised release generally **should be ordered to be served consecutively** to any sentence of imprisonment that the defendant is serving,

2

whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release." (emphasis added). Thus, the parties' failure to ask for concurrent time at sentencing—which, per their representation, was the true terms of their negotiations—was clearly erroneous because it failed to address why concurrent time is appropriate considering U.S.S.G. 7C1.4(b). The court notes that while it construes the motion broadly, its decision is limited to the particular facts of this case—namely the fact that the parties failed to address § 7C1.4(b), the parties submitted a joint motion, and the requested relief benefits Bowen. Further, I note that having considered the entirety of the record and the relevant 18 U.S.C. § 3553(a) factors, I would have granted the parties request for concurrent time at the time of sentencing.

II.     Conclusion

IT IS HEREBY ORDERED that the parties' joint motion **[ECF No. 62]** is denied under Fed. R. Crim. P. 36 but granted pursuant to Fed. R. Crim. P. 35(a). An amended judgment of conviction reflecting that Bowen's sentence in this case will run concurrent with his yet-to-be-imposed sentence in *State of Nevada v. Bowens*, Eighth Judicial District Court, Clark County, Nevada, Case No. C-26-397444-1 will follow.

Dated: March 2, 2026

_____
Cristina D. Silva
United States District Judge

3